## M. Kenny Transfer Company, Defendant in Error, v. Mayer Bros. Co., Plaintiff in Error.

## Gen. No. 16,573.

BAILMENTS—*extent of liability of gratuitous bailee.* A gratuitous bailee is only obligated to exercise slight care and if a loss result gross negligence must be shown to authorize recovery.

Error to the Municipal Court of Chicago; the HON. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

W. S. NEWBURGER, for plaintiff in error.

H. J. ROSENBERG, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the defendant in error, the M. Kenny Transfer Co., against the plaintiff in error, Mayer Bros. Co., and judgment obtained for the sum of $111.54, for the hauling of a quantity of merchandise and for the amount of freight advanced thereon.

It appears that the plaintiff in error, as a corporation, was a wholesale liquor dealer of Cincinnati, without any office in Chicago; that it made sales of liquor in Chicago to different persons, and shipped the goods to the defendant in error; that the defendant in error

paid the freight charges and delivered the goods to customers as directed by the plaintiff in error.

The controversy in the case arises over a set-off claimed by the plaintiff in error for the loss of six barrels of whiskey, claimed to have been of the value of $480. The testimony offered to sustain the claim of set-off was simply that of the president and secretary of the defendant in error, who were called as witnesses for the plaintiff in error, excepting as to the value, which was testified to by salesmen for the plaintiff in error.

From this testimony it would appear that it had been the custom of the defendant in error to store in its barn the goods of the plaintiff in error, where the same were refused by the persons to whom they were supposed to have been sold; that this was done. gratuitously. The court before whom the case was tried disallowed the claim of set-off, presumably upon the ground that gross negligence was not shown. This result, we think, is justified by the record. The six barrels, as heretofore stated, were stored in a barn. There seems to have been a burglary, at which time the goods were taken. Gross negligence of the defendant in error was not shown, and for that reason we think the judgment entered was proper. Gray v. Merriam, 148 Ill. 179.

*Affirmed.*